EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN MARTÍNEZ LEÓN, acusado y apelante.

Núm. 6080.—*Sometido:* Noviembre 17, 1936. *Resuelto:* Diciembre 22, 1936.

*Raúl Colón,* abogado del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Juan Martínez León fué acusado de infringir el artículo 372 del Código Penal por haberse apropiado para su uso particular, o para el de otra persona, la suma de $88.48 perteneciente a El Pueblo de Puerto Rico, el que resultó defraudado en la expresada suma. Luego de un juicio el jurado trajo un veredicto de culpabilidad. El acusado radicó una moción de nuevo juicio que fué denegada y la corte le sentenció a un año de presidio.

Un examen de los autos y de los errores señalados demuestra que la defensa principal levantada por el

apelante fué que no se había demostrado suficientemente la apropiación. Tenemos unos autos imperfectos ante nos en los cuales, para los fines del acusado, sólo aparece la prueba de cargo. La teoría específica del acusado es que el dinero no fué apropiado sino depositado por él en el Roig Commercial Bank a nombre del Negociado del Telégrafo Insular. El acusado estaba a cargo de la oficina del Telégrafo en Juncos, Puerto Rico. Bajo el sistema de contabilidad vigente en dicho negociado, una persona en la posición del acusado debe informar mensualmente las cantidades recibidas por él, pendientes de pago por varias corporaciones, entidades o individuos. Las sumas aquí envueltas fueron recibidas mas no informadas.

El depósito en un banco más o menos bajo el dominio del depositante prueba poco o nada. El hecho fué que el acusado recibió el dinero que se alega fué apropiado y no envió constancia alguna del mismo en la forma acostumbrada. El Gobierno tiene la forma número 202, en la cual debe hacerse figurar el dinero de hecho recibido por una persona como el acusado. No hay duda de que por la prueba el jurado tuvo derecho a creer que el acusado había recibido $88.48 y no había rendido cuenta de ellos. Esto constituía una apropiación fraudulenta (*conversion*) a menos que el acusado demostrara alguna justificación, cosa que no se desprende de los autos ante nos.

El primer señalamiento es que la corte erró al declarar sin lugar una moción de nuevo juicio. Si se examina esa moción se verá que en esencia ataca las instrucciones de la corte más o menos por los motivos siguientes:

"APARTADO A.—Erró la corte en las instrucciones al jurado.

"Apreciadas en conjunto las instrucciones dadas por el Hon. Juez, Rafael Arjona Siaca al Jurado, de éstas aparece claramente que la Corte dió las instrucciones al Jurado relacionando la prueba practicada, pero sin que se hiciera constar en dichas instrucciones, que era requisito indispensable para condenar al acusado, que se

había apropiado fraudulenta, maliciosa y criminalmente la suma de ochenta y ocho dollars cuarenta y ocho centavos para su uso particular.''

En otras palabras, sostiene por las razones ya expuestas, que no hubo tal apropiación fraudulenta. El mero hecho de que el acusado no se metiera el dinero en el bolsillo inmediatamente y de que lo depositara como ya hemos dicho, no lo eximió de un acto de apropiación fraudulenta. El fiscal discute este punto más ampliamente, pero no es necesario darle mucha atención por dos razones: primero, porque a la corte no se le dió una oportunidad de corregir sus instrucciones; y segundo, por el estado incompleto de los autos.

Los otros señalamientos se refieren a la admisión de prueba y no fueron perjudiciales o las cuestiones en ellos planteadas fueron prácticamente admitidas por el apelante. Por ejemplo, el acusado hizo objeción a la tentativa del Gobierno de demostrar un pago hecho por Javier Mulero al Telégrafo Insular cuando la verdad era que Javier Mulero como tal no debía nada. Sin embargo, sucedió que la sociedad a que pertenecía sí debía, y el cheque de Mulero fué endosado por el acusado. Aun en el supuesto de que no hubiese habido apropiación alguna de esta cantidad específica, el acusado sería no obstante culpable de haberse apropiado fraudulentamente de una cantidad sustancial perteneciente al Pueblo de Puerto Rico.

En relación con todos los hechos de este caso puede decirse que las declaraciones de los testigos de descargo durante el juicio han sido enteramente omitidas. En realidad, es solamente de las instrucciones de la corte inferior y de las concesiones hechas por el fiscal que estamos enterados de algunos de los hechos que anteceden. Quizá si encontráramos un error manifiesto en las actuaciones de la corte podríamos en un caso apropiado devolverlo para nuevo juicio. Es un principio general que la falta de transcribir evi-

dencia importante milita en contra de un apelante y las presunciones corrientes estarían en su contra. Puede fácilmente suceder que la otra parte pudiese haber robustecido. o aún desarrollado su caso por las contestaciones de los testigos del apelante o haber sacado a relucir la verdad en el contrainterrogatorio.

*Debe confirmarse la sentencia apelada.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.