EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN GUADALUPE SOLÍS, acusado y apelante.

Núm. 9918.—*Sometido:* Junio 3, 1943. *Resuelto:* Junio 18, 1943.

*Adolfo Dones Padró,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Juan Guadalupe Solís fué acusado y convicto de homicidio involuntario porque, mientras conducía un automóvil, arrolló y mató una niña. Fué sentenciado a cuatro meses de cárcel por la corte de distrito, y ha apelado ante esta corte.

El testimonio fué que la niña, que tenía seis años de edad, iba para Camuy en una guagua pública; que la guagua se detuvo para dejar varios pasajeros, entre ellos la víctima, su tío y su madre; que el cobrador cargó la víctima y la colocó en la carretera, cerca de su tío; que la niña intentó cruzar la carretera, siendo entonces golpeada por la guagua comercial conducida por el acusado en la misma dirección en que caminaba la guagua, y fué lanzada a un lado de la carretera; que la guagua comercial continuó su marcha por unos cincuenta o sesenta metros, subiendo un talud y chocando contra un árbol, que fué derribado por el choque.

Los testigos de El Pueblo declararon que el acusado conducía a una velocidad exagerada y que no había tocado bocina. El único testigo del acusado declaró que éste conducía a veinte millas por hora, y que había tocado bocina.

■■ El acusado alega que la corte inferior erró al negarse a permitir la presentación de evidencia demostrativa de la negligencia del tío de la víctima. Pero la regla está bien establecida que "una muerte causada por la negligencia criminal del acusado constituye homicidio, aunque la falta de debido cuidado de la víctima contribuyera o no al accidente". Warren *on Homicide,* Sección 121, pág. 546. La negligencia contribuyente, en breve, no es una defensa como tal contra una acusación criminal de homicidio negligente. *Pueblo* v. *Francis,* 19 D.P.R. 692; *Biscamp* v. *State,* 154 S. W. (2d) 466 (Texas, 1941); *Click* v. *State,* 164 S. W. (2d) 664 (Texas, 1942); *State* v. *Leopold,* 147 Atl. 118 (Conn. 1929). Según se señaló en *Pueblo* v. *Francis,* supra, la negligencia de la víctima exoneraría al acusado de responsabilidad criminal únicamente si dicha negligencia fuese la única causa de su muerte. Pero si el gobierno demuestra la negligencia criminal del acusado, la negligencia contribuyente, si alguna, de la víctima, contrario a la situación en un pleito civil de daños y perjuicios, no impide una acusación criminal contra el acusado. Además, el acusado en el presente caso, en vez de descansar en la alegada negligencia de la víctima, trata de imputarle a ésta la alegada negligencia contribuyente de su tío. Aun cuando la regla en cuanto a la negligencia contribuyente en los casos criminales fuese diferente, es difícil ver cómo el acusado podría invocar la misma bajo las circunstancias del presente caso.

■ El acusado se queja de que la corte inferior erró al negarse a permitir a su abogado argumentar frente al jurado que, en virtud de un incidente reseñado más adelante, éste debería presumir, que cierta evidencia voluntariamente suprimida por el fiscal de distrito hubiese sido adversa al

gobierno de haberse producido (Art. 464, Código de Enjuiciamiento Civil, Ed. 1933). El incidente surgió en la forma siguiente:

"Hon. Fiscal: O el grado de veracidad. Señor Juez, faltan dos testigos de El Pueblo por declarar, que son Andrés Rodríguez y Marcos Sergio Hernández. Es prueba acumulativa. El Pueblo pone los dos testigos a la disposición de la defensa y cierra su caso.

"Abogado Sr. Dones Padró: ¿Renuncia o no renuncia?

"Hon. Juez: Renuncia a presentarlos por ser prueba acumulativa."

Este incidente está obviamente cubierto por nuestra opinión en *Pueblo* v. *Dones*, 56 D.P.R. 211, 21, al efecto de que "La renuncia de prueba de carácter acumulativo, no es la supresión voluntaria de prueba a que se refiere el estatuto. El fiscal no está obligado a presentar toda la evidencia de que puede disponer para sostener las alegaciones de la acusación. Cuando, a su juicio, un hecho está suficientemente probado, puede renunciar el resto de la prueba de que dispone para establecer el mismo hecho. Y si lo hace expresa y abiertamente, en presencia y con el consentiminto de la corte y sin objeción por parte de la defensa, esa renuncia no crea presunción alguna en su contra. Si la defensa tenía motivos para creer que el testimonio de los testigos renunciados por el fiscal le hubiera sido favorable, bien pudo llamarlos a declarar como testigos de defensa." La corte inferior no erró por tanto al negarse a permitir al abogado del acusado que comentara frente al jurado en la forma indicada.

No es necesario que consideremos los alegados errores cometidos por la corte inferior al transmitir sus instrucciones al jurado, ya que el acusado no hizo objeción a las mismas o parte de las mismas durante el proceso. No habiendo dado la oportunidad a la corte de distrito de corregir sus errores, de haber alguno, no puede levantarse esta cuestión en apelación. *Pueblo* v. *Mediavilla*, 54 D.P.R. 565; *Pueblo* v. *Martínez*, 50 D.P.R. 781. No obstante, hemos exa-

minado en conjunto las instrucciones al jurado y nada entramos en ellas de que pueda legítimamente quejarse el acusado.

El acusado alega finalmente que el jurado erró al apreciar la prueba. Concluímos, después de un examen del récord, que la evidencia presentada por el gobierno justifica ampliamente el veredicto. En verdad, es nuestra opinión que la corte inferior, bajo todas las circunstancias, fué extraordinariamente benévola al imponer una sentencia de cuatro meses de cárcel por un delito de esta naturaleza.

*La sentencia de la corte de distrito será confirmada.*

El Juez Presidente Sr. Del Toro no intervino.