EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUSTINO GONZÁLEZ CANDELARIO, acusado y apelante.

Número 16336.

*Sometido:* 14 de enero de 1958. *Resuelto:* 10 de marzo de 1958.

*Justino González Candelario, pro se; Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario Auxiliar y Alfredo Archilla Guenard y William Fred Santiago, Fiscal y Fiscal Auxiliar del Tribunal Supremo, respectivamente, abogados de El Pueblo, apelado.*

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante Justino González Candelario fué acusado de un delito de Escalamiento en Primer Grado Subsiguiente. El jurado que entendió en su causa le declaró culpable y habiendo dicho acusado aceptado en la lectura de la acusación la comisión del delito anterior, el juez le impuso una pena de 10 a 12 años de presidio por Escalamiento en Primer Grado Subsiguiente.

Contra dicha sentencia interpuso este recurso de apelación señalando varios errores, ninguno de los cuales fué cometido y por ser frívolos los desestimamos sin discutirlos. *Pueblo* v. *Pierantoni*, 60 D.P.R. 13. Sin embargo el Fiscal de este Tribunal se allana a la revocación de la sentencia y a la concesión de un nuevo juicio por motivos distintos. Convenimos en que el tribunal a quo cometió error (1) al admitir en evidencia una confesión del acusado conteniendo manifestaciones sobre la comisión por él de otro delito, sin limitar el alcance de dicha confesión, y (2) al permitir que fuera al jurado la acusación original sin eliminar en forma debida

la alegación del delito anterior que había sido admitida por el acusado en el acto de la lectura de la acusación.

■ La regla es que al probar una confesión el fiscal puede introducir aquella parte de la confesión que indica que el acusado ha cometido otro delito separado cuando tal admisión está inseparablemente conectada con la comisión del delito que se imputa; pero cuando las manifestaciones admitiendo la comisión de otro delito distinto pueden separarse de las manifestaciones que se relacionan con el delito imputado, solamente aquéllas que son materiales al crimen imputado deben ser recibidas en evidencia. 20 Am. Jur., sec. 489, pág. 426; 2 A.L.R. 1029; 26 A.L.R. 541; 2 Wharton's *Criminal Evidence* (12th ed.), sec. 356, pág. 56; VII Wigmore *on Evidence* (3rd. ed.), sec. 2100, pág. 492; *State* v. *Fowler*, 53 S.E.2d 853 (1949); *Brown* v. *State*, 111 N.E.2d 808 (1953); *State* v. *Nagy*, 98 A.2d 613 (1947); *Grove* v. *State*, 45 A.2d 348 (1946); Cf. *State* v. *Hofer*, 28 N.W.2d 475 (1947, Iowa); Cf. *State* v. *Knapp*, 71 N.E. 705 (Ohio). En el presente caso la admisión por el acusado en la confesión presentada en evidencia de haber cometido otro delito anterior no tenía relación alguna con el delito imputado ni cae bajo la doctrina del caso de *Pueblo* v. *Archeval*, 74 D.P.R. 512, donde establecimos las excepciones en que El Pueblo puede presentar prueba sobre otros delitos cometidos por el acusado.

■■ Fué también error someter al jurado la acusación sin eliminarse la alegación de la comisión de un delito anterior en la forma en que se hizo y aprobamos en el caso de *Pueblo* v. *Beltrán*, 73 D.P.R. 509.([1])

---

[1] En el caso de *Beltrán*, supra, se hizo, para entregar al jurado, una copia de la acusación eliminándole la alegación de grado subsiguiente. En el presente caso el procedimiento seguido, según la orden del juez, fué el siguiente: "Se ordena que por la Secretaria del Tribunal se proceda a ocultar en la forma más perfecta posible la segunda parte de la acusación. Los señores del jurado no deben, bajo ningún concepto, examinar la parte de la acusación que tiene un papel cosido en este caso."

El hecho de que el acusado ocupara la silla testifical para deponer a su favor no subsanó los errores indicados. El fiscal trató de impugnar su veracidad pero no hizo la pregunta adecuada. Se limitó a preguntar al acusado si esa era la primera vez que él había tenido casos de esa naturaleza a lo que éste contestó "Yo había tenido un caso antes". Este interrogatorio fué objetado por la defensa y la corte sostuvo su objeción pero luego no le dió instrucciones al jurado para que no tomaran en consideración la pregunta y la contestación del testigo. Al jurado no debe ir prueba de esta naturaleza pues el hecho de que un acusado diga que ha tenido un caso antes no significa que ha sido convicto anteriormente de un delito *felony* que es la evidencia material para impugnar la veracidad de un testigo a base de convicción anterior. Artículo 520 Cód. de Enj. Civil [32 L.P.R.A., sec. 2150]; Art. 244 Cód. de Enj. Criminal [34 L.P.R.A. 723]; *Pueblo v. Belardo*, 50 D.P.R. 512; *Pueblo v. Rodríguez*, 62 D.P.R. 778. *En vista de todas estas consideraciones debe revocarse la sentencia apelada y ordenarse la celebración de un nuevo juicio.*

El Juez Asociado Sr. Santana Becerra disintió por entender que el error quedó subsanado.