EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BENJAMÍN COLÓN SANTIAGO, conocido como "Chaleco", acusado y apelante.

Número 16350.

*Sometido:* 31 de marzo de 1959. *Resuelto:* 14 de mayo de 1959.

*José C. Mendía,* abogado del apelante; *Hon. Secretario de Justicia Hiram R. Cancio* (*Francisco Espinosa, Secretario Interino de Justicia,* en el alegato), *Arturo Estrella, Secretario Auxiliar de Justicia* y *William Fred Santiago, Fiscal Interino, Tribunal Supremo,* abogados de El Pueblo, apelado.

*Per Curiam:* El Tribunal Superior, Sala de Ponce, sentenció al acusado a una pena de 10 a 12 años de presidio por un delito de escalamiento en primer grado (subsiguiente). El acusado señala en su apelación que "el Tribunal cometió error de derecho al sentenciar al apelante por el delito de escalamiento en primer grado cuando no se probaron *todos los elementos* del delito de escalamiento en primer grado *con prueba extraña, ajena* a la confesión; en otras palabras, no

se probó el *corpus delicti* del delito de escalamiento en primer grado."

No tiene razón el apelante. En *Pueblo* v. *Hernández*, 75 D.P.R. 907, 916 (1954), analizamos detenidamente el problema y dijimos:

"En su sentido ortodoxo el término *corpus delicti* significa que se ha sufrido una pérdida o daño específico como, por ejemplo, en homicidio, que ha habido una persona muerta; en incendio, una casa quemada; en hurto, propiedad desaparecida. Sin embargo, en sus decisiones la mayoría de los jueces han incluído en dicho término el segundo elemento, o sea, que la pérdida o daño ha sido causado por un agente criminal. Un tercer punto de vista, a todas luces absurdo, incluye también el tercer elemento, a saber, la identidad del acusado como el agente criminal. Esto desde luego, significaría que los términos *'corpus delicti'* y 'delito' son sinónimos . . .

"Este Tribunal no ha aceptado el sentido ortodoxo de dicho término, ni tampoco ha incluído en el mismo el tercer elemento. Por el contrario, desde hace tiempo venimos resolviendo que el *corpus delicti,* está integrado por los primeros dos elementos y por lo tanto, para que el mismo quede probado la prueba debe tender a demostrar: (1) que se ha sufrido una pérdida o daño específico, y (2) que dicha pérdida o daño específico fue ocasionada por un agente criminal. Hemos aceptado la definición dada por la jurisprudencia en el sentido de que 'el *corpus delicti* es "el cuerpo y substancia del crimen", que con relación a delitos determinados significa la comisión real por alguno del delito especial de que se acusa.' "

En el caso de autos, Eusebio Ortiz Alicea declaró que en la noche del 13 de noviembre de 1956 había guardado su automóvil en el garaje de su casa y que al otro día encontró que alguien había forzado la puerta del garaje, había abierto su automóvil, había roto una cajita que tenía en el vehículo y se había llevado la suma de $11. Existe, pues, prueba del *corpus delicti* independiente de la confesión del acusado y no se cometió, por lo tanto, el error que se imputa al tribunal.[1]

(1) "En este caso la prueba del *corpus delicti* surge del testimonio del perjudicado, al declarar que tenía debajo de su cama un baúl conteniendo

▮ No obstante, el Fiscal de este Tribunal, con encomiable actitud de velar por la limpieza de los procedimientos, nos indica la probable comisión de un error por el tribunal de instancia. Como en este caso no estaban presentes ninguna de las circunstancias([2]) que reseñamos en *Pueblo* v. *Archeval*, 74 D.P.R. 512, 515 (1953) y, además, la defensa había admitido la alegación de delito subsiguiente, de acuerdo con nuestra jurisprudencia no podía darse a conocer al jurado la información sobre delitos anteriores cometidos por el acusado. Expresamos en *Pueblo* v. *Beltrán*, 73 D.P.R. 509, 517 (1952) que en tales casos, al no tener el jurado que decidir sobre la alegación de delito subsiguiente, el juez debería, al entregarle copia de la acusación, "eliminar de ésta la alegación relativa al delito anterior, ya que de lo contrario [podría] confundirse al jurado." Y en *Pueblo* v. *González*, 80 D.P.R. 208, 210 (1958) ratificamos la citada doctrina e indicamos que no se ajustaba a ella la actuación del juez sentenciador al ordenar

---

su ropa y doscientos cincuenta dólares en efectivo, y que el baúl con su contenido desapareció de su casa. No habiendo el perjudicado dispuesto del baúl en alguna forma, es necesario concluir que al desaparecer del sitio en que se hallaba fue porque un agente criminal, en una hora del día o de la noche, penetró en la casa y lo sustrajo. Como se dice en Underhill's *Criminal Evidence* (cuarta edición) sec. 37, pág. 45, el *corpus delicti* puede ser probado por evidencia circunstancial de la cual el jurado pueda razonablemente inferir que un crimen ha sido cometido." *Pueblo* v. *Declet*, 65 D.P.R. 23, 25 (1945).

([2])"La regla general es al efecto de que en un proceso criminal·el acusado no puede ser juzgado nada más que por el delito imputado en la acusación y que, por lo tanto, no es admisible prueba sobre otros delitos cometidos por el acusado. . . . Por excepción, evidencia sobre otros delitos es admisible cuando el delito anterior es un hecho material para establecer la comisión del crimen imputado, o cuando el mismo forma parte del *res gestæ* o cuando se presente dicha prueba para demostrar motivo, intención, premeditación, malicia o un plan común, o cuando ambos delitos formen parte de una misma transacción." También, y según se resuelve en el citado caso de *Archeval*, las preguntas del fiscal sobre tales delitos, hechas durante el contrainterrogatorio del acusado, son admisibles para demostrar que "su conducta pasada es contraria e inconsistente con lo que él había declarado." (Pág. 516). Es sabido, además, que prueba sobre una previa convicción por un delito grave (felony) puede utilizarse para impugnar la veracidad de un testigo. 34 L.P.R.A. sec. 723; *Pueblo* v. *Archeval*, supra, págs. 516-518; 3 Wigmore, *Evidence* (3ra. ed.) sec. 889, págs. 378-382.

que se cosiera un papel en las partes de la acusación relacionadas con el delito subsiguiente. Deseamos aclarar definitivamente que la única manera de cumplir con dicho requisito es haciendo entrega al jurado de una copia de la acusación en la cual no aparezcan las alegaciones relacionadas con delitos anteriores. El uso de tachaduras, borraduras, costuras, papel engomado o cualquier otro modo de ocultar dichas alegaciones que no sea el ya descrito, no da cumplimiento al propósito de la regla. Es evidente que constituyen más bien maneras de atraer la atención del jurado hacia lo que se pretende ocultar y que, una vez se generalice su uso, todo el mundo sabrá de lo que se trata, sin necesidad de que se diga. En vista de que en este caso el juez ordenó cubrir con papel engomado las alegaciones de "subsiguiente" en la copia de la acusación que se entregó al jurado, es claro que no se observó la doctrina establecida por nuestra jurisprudencia.

 Es necesario, además, aclarar otro extremo. En la confesión del acusado, que se admitió en evidencia luego de haberse establecido que se había hecho voluntariamente, consta lo siguiente:

"¿Usted ha sido convicto por estos delitos?
"Sí, fui convicto en Ponce por otro delito de esta naturaleza. Estuve en el Presidio por eso."

La Secretaria del tribunal leyó esta confesión delante del jurado y se entregó a éste, además, una copia de ella que incluía el pasaje arriba transcrito. El jurado tuvo ante sí, y obviamente tuvo que considerar, el hecho de que el acusado había sido convicto anteriormente por un delito similar. Y si hasta ese momento, el jurado no hubiese sabido del delito anterior, el impacto sicológico de esa revelación no se hubiese desvanecido por una instrucción del juez—no importa cuan explícita, como lo fue en este caso—al efecto de que al dirimir el conflicto en la prueba y dictaminar sobre la culpabilidad del acusado no debería tomar en consideración los delitos anteriores.

Dijimos en *Pueblo* v. *González*, supra, a la pág. 210:

"La regla es que al probar una confesión el fiscal puede introducir aquella parte de la confesión que indica que el acusado ha cometido otro delito separado cuando tal admisión está inseparablemente conectada con la comisión del delito que se imputa; pero cuando las manifestaciones admitiendo la comisión de otro delito distinto pueden separarse de las manifestaciones que se relacionan con el delito imputado, solamente aquéllas que son materiales al crimen imputado deben ser recibidas en evidencia." En el presente caso, al igual que en el de *González*, la admisión por el acusado de haber cometido otro delito anterior no tenía relación alguna con el delito por el cual se le juzgaba.

En resumen, cuando el acusado en un proceso por un delito en grado subsiguiente admite la convicción anterior durante el acto de lectura de la acusación o al comenzar el juicio pero en ausencia del jurado, y no son pertinentes las excepciones indicadas en *Pueblo* v. *Archeval* y *Pueblo* v. *González*, supra, el tribunal debe impedir que el jurado adquiera conocimiento del delito anterior. Si ese hecho consta de un escrito, debe entregarse al jurado una copia en la cual no se le mencione, utilizándose el procedimiento que hemos indicado en cuanto a la acusación. Si se trata de manifestaciones verbales, no importa de quien puedan provenir, éstas deben prohibirse absolutamente.

■ No procede, sin embargo, revocar la sentencia apelada. El récord taquigráfico demuestra que fue en presencia del jurado, y luego de habérsele leído a éste la acusación completa, que la defensa admitió la alegación del delito subsiguiente.

"Hon. Juez:

¿Se acepta el jurado? Juramento definitivo. Las damas y caballeros del jurado que no han sido llamados para actuar en este caso quedan excusados todos hasta mañana a las nueve de la mañana. Pueden retirarse si así lo desean. Lectura de la

acusación. (La Secretaria procede a darle lectura a la acusación).

DEFENSA:

Con la venia del Tribunal. Entendemos que ya se aceptó el subsiguiente en la lectura de la acusación.

HON. JUEZ:

De los autos no aparece.

FISCAL:

¿Qué se aceptó?

HON. JUEZ:

Que se aceptara la alegación de subsiguiente en la lectura de la acusación.

DEFENSA:

Se acepta, y en cuanto al delito que se le imputa, el acusado se ratifica en su alegación de inocencia.

HON. JUEZ:

Testigos de ambas partes."

Hemos examinado la transcripción de la minuta que se refiere al acto de lectura de la acusación y no consta de ella que en ese momento el acusado aceptara la alegación de delito subsiguiente. Por consiguiente, el jurado tuvo desde el mismo comienzo del proceso, y por admisión expresa de la defensa, conocimiento de la citada alegación y de su aceptación por el acusado. Era pues, completamente innecesario tomar medidas posteriormente para que el jurado no se enterara de esos hechos.

*Se confirmará la sentencia apelada.*