FÉLIX RIVERA RIVERA, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* O-68-58    *Resuelto:* 4 de mayo de 1970

*Pedro Malavet Vega,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General, Peter Ortiz, Subprocurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados del apelado.

PER CURIAM: El apelante fue convicto del delito contra natura, en grado subsiguiente. Fue condenado a cumplir de diez a quince años de presidio. La presente es una apelación de un recurso de hábeas corpus que fue declarado sin lugar por el Tribunal Superior. El apelante señala la comisión de los siguientes cuatro errores.

1. "El no haberse excusado a la dama del jurado Monserrate Romeu en la intervención del caso a pesar de que esta dama había sido rechazada perentoriamente por el acusado en el inicio

de un juicio celebrado anteriormente contra el mismo acusado y el que fue dejado sin efecto por el Tribunal al decretar Con Lugar un 'mistrial' y porque además dicha dama del jurado había ratificado su deseo de que no quería intervenir en el caso."

2. "Que el Tribunal sentenciador permitió, a pesar de la objeción de la defensa, que el testigo de cargo Quintín Martínez declarara sobre manifestaciones hechas por el supuesto perjudicado sobre prueba de referencia, ya que, según alega el peticionario, no se habían establecido las bases necesarias para la admisión del testimonio de ese testigo a la luz de la doctrina de 'res gestae'."

3. "Que se violó el debido procedimiento de ley cuando el Juez que presidía, al dar sus instrucciones al jurado y explicar el delito de contra natura, informó al jurado que este delito era conocido por sodomía, que tomaba este nombre de la antigua ciudad de Sodoma que según la historia sagrada fue castigado por el cielo con un incendio milagroso por haberse abandonado a tan vergonzoso desorden."

4. "Cometió error de hecho y de Derecho el Honorable Tribunal al no estimar que se cometió error fundamental [al] traerse a conocimiento del Jurado que el acusado había sido convicto de un delito grave anteriormente, a pesar de haberse aceptado previamente la reincidencia y sin que hubiese razón alguna para llevar a conocimiento del jurado dicho hecho."

El cuarto error señalado se cometió. Al final de su contrainterrogatorio el fiscal le hizo la siguiente pregunta al acusado:

"P—La última pregunta que le voy a hacer, conteste sí o no. ¿Usted ha sido alguna vez convicto de algun delito grave?

R—Sí, señor.

Hon. Fiscal: Nada más con el testigo."

■ Luego de esas palabras la defensa anunció que renunciaba a tres testigos de defensa adicionales que tenía; el fiscal y la defensa sometieron el caso; las partes estipularon que el juez no hiciese el resumen de la prueba; y luego de un receso el juez procedió a instruir al jurado.

En el caso de autos el acusado admitió la convicción anterior antes de darse lectura a la acusación y no era permi-

sible informar al jurado de dicha convicción anterior. Al así hacerlo se violó la Regla 68 de Procedimiento Criminal que, en lo pertinente, lee como sigue:

"Cuando la acusación imputare un delito en grado de reincidencia o subsiguiente o delincuencia habitual, el acusado podrá, al momento de hacer alegación, o en cualquier ocasión posterior siempre que fuere antes de leerse la acusación al jurado, admitir la convicción o convicciones anteriores y, en tal caso, no se hará saber al jurado *en forma alguna* la existencia de dicha convicción o convicciones." (Bastardillas nuestras.)

En *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 517 (1961), expresamos:

"La regla local es al efecto de que cuando el acusado admite la alegación de subsiguiente, tal hecho no debe someterse a la consideración del jurado, y que en tal caso, lo procedente es entregarles una copia de la acusación de la cual se haya eliminado toda alegación relativa al delito anterior, *Pueblo* v. *Beltrán*, 73 D.P.R. 509, 517 (1952); *Pueblo* v. *González*, 80 D.P.R. 208, 210 (1958). Si el hecho consta de un escrito, debe entregarse al jurado una copia en la cual no se le mencione; si se trata de manifestaciones orales, éstas deben prohibirse absolutamente. *Pueblo* v. *Colón*, 81 D.P.R. 331, 334, 336 (1959). Esto es así porque en un proceso criminal el acusado solamente puede ser juzgado por el delito imputado en la acusación y, por tanto, no es admisible prueba sobre otros delitos. por él cometidos, excepto cuando el delito anterior (a) es un hecho pertinente para establecer la comisión del crimen por el cual se le juzga; (b) forma parte del *res gestae;* (c) puede demostrar motivo, intención, premeditación, malicia o un designio común; o (d) forma parte de la misma transacción, *Pueblo* v. *Archeval*, 74 D.P.R. 512, 515 (1953).

Véanse también *Pueblo* v. *Hernández Pérez*, 94 D.P.R. 616, 621–622 (1967) y *Pueblo* v. *Colón*, 81 D.P.R. 331, 335 (1959).

■ Aunque el error que dejamos discutido se planteó por primera vez en apelación y normalmente no debería prosperar, *Pueblo* v. *Del Valle*, 91 D.P.R. 174, 179 (1964) ; *Pueblo* v. *Guadalupe*, 62 D.P.R. 262, 265 (1943), sin embargo, por ex-

cepción y por tratarse de un error fundamental podemos, y en este caso creemos que debemos, reconocer que se cometió. 4 L.P.R.A. sec. 36; 34 L.P.R.A. sec. 1171; *Pueblo* v. *Torres Rosario*, 89 D.P.R. 144, 148. (1963).

*En vista de la conclusión a que hemos llegado sobre el cuarto error no es necesario discutir los otros señalamientos. Se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de Mayagüez, en 31 de enero de 1968 y se ordenará un nuevo juicio.*

Disintieron los Jueces Asociados Pérez Pimentel, Blanco Lugo, Dávila y Torres Rigual.