HERIBERTO CABRERA RAMÍREZ, peticionario, *v.* GERARDO DELGADO, ETC., demandado.

*Número:* HC-63-4          *Resuelto:* 11 de junio de 1963

*Víctor Pons, Jr.,* abogado designado por el Tribunal Supremo para que asistiera al peticionario en el recurso; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados del demandado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Consideramos este caso como un recurso de hábeas corpus toda vez que el peticionario expuso en su peti-

ción jurada que se encontraba ilegalmente privado de su libertad, bajo la custodia de Gerardo Delgado, Jefe de la Penitenciaría Estadual. Designamos al Lic. Víctor Pons, Jr., para que le prestase sus servicios legales, y dicho letrado se los ha prestado adecuadamente.

De los autos resulta que el peticionario y otra persona llamada Enrique Díaz Cosme, fueron acusadas ante la extinta Corte de Districto del Distrito Judicial de Guayama, el 14 de enero de 1949, por escalamiento en primer grado, y como delito subsiguiente. En la acusación se alegó la convicción anterior del peticionario Cabrera Ramírez por otro delito de escalamiento en primer grado, por sentencia firme dictada el 24 de enero de 1940 por la también extinta Corte de Distrito de Aguadilla y otra anterior, por el mismo delito, según sentencia de 24 de julio de 1945 dictada por la también extinta Corte de Distrito de Mayagüez.

El juicio fue celebrado ante jurado. Éste rindió veredicto de culpable de escalamiento en primer grado. El juez lo declaró convicto de escalamiento en primer grado y como delito subsiguiente, y el 12 de abril de 1949 lo sentenció a la pena de 18 a 30 años de presidio con trabajos forzados.

En su petición complementaria ante nos, en lo pertinente, expuso el peticionario:

"3. La encarcelación del peticionario en virtud de dicha condena es ilegal por haber estado viciado de nulidad el proceso criminal seguido en su contra en la causa antes mencionada y por ser nula la sentencia que le fuera impuesta en dicha causa, todo ello por las siguientes razones:

"(a) Cuando se le leyó la acusación en el acto de lectura de la misma no se le advirtió del derecho que tenía de declararse culpable del subsiguiente imputado en la misma, ni se le preguntó específicamente si se confesaba culpable del subsiguiente o negaba la acusación.

"(b) Se consignó en los récords del tribunal una alegación general de inocencia y se permitió que la cuestión de delito subsiguiente fuera al jurado sin darle al peticionario la oportunidad de alegar en cuanto a ello, todo ello, además de constituir un

grave error en derecho, en violación del debido proceso de ley garantizado por las Constituciones de Estados Unidos y del Estado Libre Asociado de Puerto Rico.

"(c) Se sentenció al peticionario por escalamiento en primer grado subsiguiente, cuando el veredicto rendido por el jurado lo exoneró del subsiguiente y sólo lo halló culpable de escalamiento en primer grado.

"4. Niega, por tanto, el peticionario, que la sentencia que motiva este recurso sea válida y en su consecuencia niega que esté legalmente bajo la custodia del Sr. Gerardo Delgado."

La vista del recurso ante nos fue celebrada el 6 de mayo último, con asistencia de las partes y sus abogados, procediéndose a la práctica de las pruebas. Finalmente el recurso quedó sometido para su resolución, habiéndose previamente unido a los autos el expediente original de la causa criminal Núm. 15,914, tramitada ante la Corte de Distrito de Guayama, la transcripción de las notas taquigráficas tomadas durante el juicio celebrado en esa causa criminal el 6 de abril de 1949 y la transcripción de la vista celebrada ante nos el 6 de mayo de 1963.

El Procurador General argumentó por escrito los fundamentos de su oposición al recurso. El peticionario lo sometió por los méritos de las constancias en autos.

En *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 517 (Blanco Lugo), (1961), expusimos la norma a seguirse respecto a la alegación de delito subsiguiente en casos por jurado. Nos expresamos así:

"La regla local es al efecto de que cuando el acusado admite la alegación de subsiguiente, tal hecho no debe someterse a la consideración del jurado, y que en tal caso, lo procedente es entregarles una copia de la acusación de la cual se haya eliminado toda alegación relativa al delito anterior. *Pueblo* v. *Beltrán,* 73 D.P.R. 509, 517 (1952) ; *Pueblo* v. *González,* 80 D.P.R. 208, 210 (1958). Si el hecho consta de un escrito, debe entregarse al jurado una copia en la cual no se le mencione; si se trata de manifestaciones orales, éstas deben prohibirse absolutamente. *Pueblo* v. *Colón,* 81 D.P.R. 331, 334, 336 (1959). Esto es así

550

porque en un proceso criminal el acusado solamente puede ser juzgado por el delito imputado en la acusación y, por tanto, no es admisible prueba sobre otros delitos por él cometidos, excepto cuando el delito anterior (a) es un hecho pertinente para establecer la comisión del crimen por el cual se le juzga; (b) forma parte del *res gestae;* (c) puede demostrar motivo, intención, premeditación, malicia o un designio común; o (d) forma parte de la misma transacción, *Pueblo* v. *Archeval,* 74 D.P.R. 512, 515 (1953)."

Como muy bien dice el Procurador General, "difícilmente puede darse otro caso en que un tribunal haga aplicación de la referida regla, en la forma inteligente en que se hizo en la causa criminal atacada mediante el presente recurso." Basta para su demostración y refutación de los errores señalados transcribir lo siguiente que aparece en las páginas 7–11 del récord taquigráfico de la causa original:

"Hon. Juez:
Se reanuda la sesión.
"Sr. Alguacil:
La corte reanuda la sesión.
"Hon. Juez: Léase la acusación. De pie los acusados.
(El Sr. Secretario lee la acusación, pero no leyó lo referente al subsiguiente. )
Un momentito, venga acá el abogado. (Hablan en forma que yo no puedo oir.)
"Lic. Pomales:
Sr. Juez, entonces que se continúe con la lectura de la acusación.
"Hon. Juez:
¿Tú no entiendes?
(El Hon. Juez vuelve a hablar con el abogado en forma que yo tampoco puedo oir.)
"Lic. Pomales:
Sr. Juez, vamos a pedir a la corte que se retire un momento el jurado, que ordene que se retire el jurado para alegar una cuestión de derecho.

"Hon. Juez:

Sí, cómo no; que se retire el jurado al salón del deliberaciones porque el abogado defensor va a plantear una cuestión que no debe oir el jurado.

"Sr. Alguacil:

Hagan el favor. (Se retira el jurado.)

"Hon. Juez:

Se trata de un caso de escalamiento en primer grado subsiguiente . . .

"Lic. Pomales:

Subsiguiente.

"Hon. Juez:

Si los acusados, por ejemplo, aceptan que ellos cometieron esos delitos anteriores por los cuales se dice que esa acusación es subsiguiente, si aceptan eso, por ejemplo ante el juez, pues el jurado no debe oir ni la lectura de la acusación en cuanto a los subsiguientes, ni eso deben oir, porque eso les hace daño a los acusados; si ellos aceptan eso puede influir para declararlos culpables; ahora, si ellos no aceptan eso, entonces está bien que se lea la acusación completa y el jurado se entera, pero entonces el jurado es el que tiene que resolver si se ha probado el subsiguiente o no, todo eso.

"Lic. Pomales:

Sr. Juez, en la conferencia que yo sostuve con estos acusados, yo expresamente les pregunté en cuanto a los delitos subsiguientes que se alegaban y ellos admitieron.

"Hon. Juez:

Entonces, léase la acusación de subsiguiente contra los acusados y el jurado no debe enterarse. Es más, si aceptan ellos que cometieron esos delitos anteriores el jurado no tiene que entender en eso, ni se tiene que enterar y las instrucciones que da la corte, entre otras, es para que los declaren, si es que los tienen que declarar culpables, de un delito de escalamiento en primer grado, no subsiguiente, escalamiento en primer grado que es el caso que estamos ventilando. Como lo otro lo han aceptado, eso lo toma el Juez en consideración para si el jurado los declara culpables de escalamiento en primer grado ¿ve? entonces el Juez les impone la pena de conformidad con la aceptación de ellos de subsiguiencia, o sea, de los delitos anteriores, pero si ellos no

aceptan y se prueba, entonces el jurado sí puede traer un veridicto de escalamiento en primer grado subsiguiente, ¿ve el punto? Pero, si ellos sí aceptan esa subsiguiencia, los acusados, el jurado no se debe enterar porque eso les hace daño.

"Lic. Pomales:

Sr. Juez, yo les pregunté expresamente sobre los delitos subsiguientes, según están alegados en la acusación, y ellos los aceptaron.

"Hon. Juez:

Pues, léase.

(El Sr. Secretario lee la acusación en cuanto a los subsiguientes delitos, o sea, los delitos anteriores.)

"Sr. Secretario:

Los acusados, en el acto de la lectura de la acusación, hicieron alegación de inocencia y solicitaron juicio por jurado.

"Hon. Juez:

¿Cómo se llama usted?—Heriberto Cabrera.

Heriberto Cabrera. ¿Y el nombre suyo es Enrique Díaz Cosme?—Enrique Díaz Cosme.

¿Qué es lo que dice el abogado ahora?

"Lic. Pomales:

Como cuestión de derecho, según están alegadas ahí los acusados las aceptan, aceptan las alegaciones de derecho concernientes a los subsiguientes.

"Hon. Juez:

Heriberto Cabrera, ¿como dice su abogado, usted acepta que usted cometió estos delitos anteriores a que se ha referido el Secretario?—Sí, señor.

Qué dice, que sí?—Sí, señor.

¿Y el otro, Díaz Cosme Enrique?—Sí, señor.

¿Usted acepta también que usted cometió los delitos a que se ha referido la acusación?—Sí, señor.

Habiendo ustedes aceptado eso, eso quiere decir que el jurado al considerar el caso no tiene que ver nada con los subsiguientes.

"Hon. Fiscal: Ni el Fiscal tiene que presentar prueba.

"Hon. Juez:

Ni el Fiscal tiene que presentar prueba tampoco. Solamente el Fiscal tendrá que presentar prueba sobre el delito de escala-

miento en primer grado de que se le acusa ahora. Si el jurado los absuelve de la acusación, pues el Juez no toma tampoco en consideración los demás delitos porque no los estamos juzgando por los delitos anteriores sino por los delitos de ahora que estamos ventilando y si los declara culpables entonces el Juez, para los efectos de la pena que el mínimo son diez años de presidio, considera eso ¿se fijan?

Tráigase al jurado. (Regresa el jurado a Sala.)

¿Se acepta que el jurado es el mismo y que está completo?

"Hon. Fiscal:
Sí, Sr. Juez.

"Lic. Pomales:
Se acepta."

El récord taquigráfico también revela que cuando un jurado quiso preguntarle al coacusado Enrique Díaz Cosme: "¿Cuántas veces ha estado el acusado acusado por el mismo delito?" el Juez le manifestó que esa pregunta no se podía hacer y que ello no era pertinente.—Pág. 76.

Luego de ser rendido veredicto de culpable del delito de escalamiento en primer grado contra el peticionario y allí coacusado Heriberto Cabrera, el Juez lo declaró convicto de tal delito y en grado subsiguiente, conforme a lo alegado en la acusación.

*Por tanto, la sentencia impugnada no está viciada por los alegados defectos y el encarcelamiento del peticionario no resulta ilegal. Se desestimará su petición.*