EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR CABÁN ROSA, acusado y apelante.

*Número:* 14,545          *Resuelto:* 3 de diciembre de 1965

*Santos P. Amadeo,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 9 de diciembre de 1948 Héctor Cabán Rosa fue convicto por tribunal de derecho de un delito subsiguiente de robo y se le impuso una sentencia indeterminada de 10 años a reclusión perpetua. El delito fue cometido de la siguiente manera. El acusado y dos individuos más asaltaron a Pablo Matos Rodríguez, para robarle, en una calle de Santurce el

3 de julio de 1948. Lo cortaron con una cuchilla y al perjudicado caer al piso le propinaron varias patadas. El acusado le sustrajo del bolsillo $11.19.

Los asaltantes se dieron a la fuga pero con motivo de otro asalto que como a los doce días después del primero fue víctima una pareja que transitaba también por una calle de Santurce, el perjudicado en este caso pudo identificar a uno de sus asaltantes, quien había sido arrestado con motivo del segundo asalto. De esa manera fue posible el arresto del aquí apelante. ([1])

En 13 de diciembre de 1948 el acusado radicó el escrito de apelación. El 23 del mismo mes y año radicó las siguientes 3 mociones: Moción Sobre Insolvencia, Moción de Prórroga Para Radicar Transcripción de Evidencia y Moción Sobre Transcripción de Evidencia. Ese mismo día el Tribunal declaró con lugar todas las mociones mencionadas y ordenó que se preparase la transcripción de evidencia *in forma pauperis*. El acusado radicó mociones de prórroga para la transcripción de evidencia el 25 de enero, el 2 de marzo, el 1ro. de abril y el 13 de mayo de 1949. En 3 de marzo de 1950 el entonces Fiscal del Tribunal Supremo radicó una moción de desestimación y en ella alegó equivocadamente que el acusado no había solicitado prórrogas para la transcripción de evidencia. Basándose en la información errónea contenida en la moción de desestimación que por equivocación le fue suministrada a este Tribunal, el mismo desestimó la apelación

---

([1]) En el ejercicio fiscal 1962–63 se registraron en Puerto Rico 35,462 robos, escalamientos y hurtos. El 63% de los robos, el 56% de los escalamientos y el 68% de los hurtos de $50.00 ó más se cometieron en el área metropolitana de San Juan.—*Informe Anual de la Policía de P.R.*, 1962–1963, pág. 58.

En comparación con el año anterior los robos aumentaron en un 29.7%; los escalamientos en un 24.4%; los hurtos de $50.00 ó más en un 24.3%; y los hurtos de menos de $50.00 en un 13.2%. En el mismo año fiscal citado se registraron 3,382 hurtos de automóviles (no están incluidos en las cifras antes citadas). El aumento en este renglón en relación con el año anterior fue de 31.7%. *Ibid*, pág. 57.

por abandono. Habiéndose traído a nuestra atención el error cometido dejamos sin efecto la resolución desestimando la apelación y reinstalamos el recurso de apelación interpuesto por el apelante.

En apelación el acusado señala los siguientes tres errores:

1. "La sentencia dictada contra el acusado es nula porque no aparece del récord quién renunció el derecho a juicio por jurado, una vez que en la lectura de la acusación el acusado solicitó este derecho."

2. "La sentencia dictada contra el acusado es nula porque en Puerto Rico el fiscal no puede radicar una acusación por un delito subsiguiente, ya que no hay ninguna disposición estatutaria autorizando a dicho funcionario a radicar este tipo de acusación."

3. "El juez sentenciador cometió error al condenar al acusado a una pena indeterminada de 10 años a reclusión perpetua creyendo, equivocadamente, que bajo el Artículo 56 del Código Penal era mandatoria una sentencia máxima de reclusión perpetua."

*Primer error.* En el legajo de sentencia aparece que cuando se le leyó la acusación en 2 de septiembre de 1948, el acusado solicitó juicio por jurado; pero también aparece en dicho legajo que posteriormente el acusado renunció al jurado el día del juicio. La vista había sido señalada originalmente para el 2 de diciembre de 1948 pero la misma fue suspendida a petición de la defensa y señalada nuevamente para el día 9 de ese mes.

Sobre si el acusado renunció o no al juicio por jurado, la transcripción de evidencia revela que al comienzo de la vista tuvo lugar el siguiente diálogo:

"Hon. Juez: ¿Listo el Fiscal?

Hon. Fiscal: Sí, señor.

Hon. Juez: Haga constar que el acusado renunció su derecho de juicio por jurado.

Lic. Trigo: ¿Está el testigo de la defensa? Esta mañana estaba aquí. Llámelo marshal."

■ ▪Después de esas palabras y de anunciarse por el fiscal que la teoría del pueblo surgiría de la prueba, comenzó a verse el caso. El Lic. Trigo, abogado defensor del acusado, estaba presente cuando el Magistrado hizo constar para el récord que el acusado había renunciado al juicio por jurado. Nada objetó a ello. Por el contrario procedió a ver el caso, a contrainterrogar los testigos de cargo y a interrogar a los testigos de defensa. No hay duda de que el abogado defensor aceptó como correcta la aseveración del magistrado antes citada. Desde luego, el acusado también estaba presente cuando ocurrió dicho diálogo y nada dijo.

■ Para la época en que se celebró el juicio—9 de diciembre de 1948—un abogado defensor podía en Puerto Rico renunciar al jurado en nombre del acusado, *Pueblo v. Figueroa,* 77 D.P.R. 188 (1954) y autoridades allí citadas. Allí hicimos un detenido examen de la cuestión constitucional y procesal envuelta, con particular atención a los factores relevantes a ella en Puerto Rico. No es necesario que aquí reproduzcamos lo que allí dijimos. Lo fundamental es que la renuncia haya sido hecha voluntaria e inteligentemente y nada hay en el récord que demuestre o sugiera lo contrario. *Pueblo v. Torres Ortiz,* 89 D.P.R. 823 (1964); *Pueblo v. Díaz Martínez,* 87 D.P.R. 691 (1963). Libremente el acusado se acogió a la táctica que su abogado, o que él y su abogado, estimaron que más le convenía y no puede ahora alegarlo como error. *Henry v. Mississippi,* 379 U.S. 443 (1965). No se cometió el primer error señalado.

▪ ■ Como se sabe, el estado de derecho actualmente es distinto en cuanto a la forma de renunciar al jurado. La Constitución de Puerto Rico, vigente desde el año 1952, le concedió rango constitucional al derecho a juicio por jurado en los procesos por delito grave, Constitución, Art. II, Sec. 11; aunque el nuestro no es el clásico "Common Law Jury," *"Informe de la Comisión de la Carta de Derechos,"* 21 Rev. Jur. U.P.R., págs. 1, 18 (1951); *La Nueva Constitución de*

*Puerto Rico*, Facultad de Ciencias Sociales de la Universidad de Puerto Rico, págs. 168, 173–174 (1954). La Regla 111 de las de Procedimiento Criminal de Puerto Rico (1963) exige ahora que la renuncia al jurado se haga por el acusado expresa y personalmente.

■ Segundo error. Alega el apelante que en Puerto Rico no hay autorización legislativa para acusar y sentenciar a un acusado por delito subsiguiente y que la sentencia dictada en este caso es nula por esa razón. Se basa en que, al legislador puertorriqueño adoptar el Código Penal y el Procedimiento Criminal de California, no copió los Arts. 969 y 1025 del Código Penal de California. Eso en forma alguna significa que no hay autorización legislativa para acusar e imponer sentencias en casos de delito subsiguiente. Veamos.

Nuestro Código de Enjuiciamiento Criminal, aprobado en el año 1902, dispone en su Art. 285 (34 L.P.R.A. sec. 816) lo siguiente:

"Siempre que el hecho de haber sido anteriormente convicto de otro delito estuviere consignado en alguna acusación, y el jurado declarare en su veredicto ser culpable el reo del delito de que se le acusa, deberá declarar también, si fue o no convicto anteriormente conforme a la acusación, a menos que el mismo reo lo hubiere confesado. El veredicto del jurado en el caso de una acusación de haber sido el reo anteriormente convicto, podrá formularse así: 'Declaramos que la imputación de haber sido anteriormente convicto, es verdad' o 'Declaramos que la imputación de haber sido anteriormente convicto, no es verdad,' según el caso."

Nuestro Código Penal, aprobado también en el año 1902, provee expresamente para la forma de sentenciar a los convictos de delito en grado subsiguiente, en sus Arts. 56 al 58 inclusive, 33 L.P.R.A. secs. 131–133. Estos artículos son muy conocidos para que sea necesario copiarlos aquí. La Regla 48 de las nuevas Reglas de Procedimiento Criminal de P.R. (1963) dispone que "Una acusación o denuncia no deberá contener alegación alguna de convicciones anteriores del

acusado, a menos que una alegación en tal sentido fuere necesaria para imputar la comisión de un delito, o para alegar la condición de reincidente, de subsiguiente o de delincuencia habitual en relación con el acusado." (²)

Ante esas disposiciones citadas del Código de Enjuiciamiento Criminal, del Código Penal y de las Reglas de Procedimiento Criminal, no puede sostenerse que no existe autorización legislativa para acusar y sentenciar por delito subsiguiente. Si fuese como alega el apelante ¿cuál sería el propósito de los citados artículos? Es elemental que no se puede presumir que la ley se propone lo absurdo.

En repetidas ocasiones hemos expresado que el calificativo de "subsiguiente" antepuesto a la denominación de un delito, no varía ni altera en manera alguna los elementos constitutivos del mismo. Sólo afecta la discreción del juez sentenciador al imponerle la pena al acusado una vez que éste ha sido convicto. Claramente la alegación que se hace en la acusación en cuanto a lo de subsiguiente se hace con el único propósito de que el caso caiga dentro de los preceptos del Código Penal relativos a los delitos subsiguientes a fin de que se le imponga al acusado la pena provista en dichos preceptos. *Sánchez* v. *Angeli*, 80 D.P.R. 154, 155 (1957); *González* v. *Rivera*, 71 D.P.R. 786, 787 (1950); *Pueblo* v. *Cancio*, 53 D.P.R. 547, 549 (1938).

El propósito de los antes mencionados artículos del Código Penal de California es el de evitar que pase al jurado lo referente a la convicción anterior si ésta es admitida por el acusado. Esa misma es la práctica en Puerto Rico por disposición jurisprudencial. En *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 517 (1961), citado con aprobación en *Cabrera*

---

(²) Aunque el caso es anterior a las Reglas, citamos la Regla 48 porque el apelante, en su alegato escrito en 1964, ya estando las Reglas en vigor, habla en tiempo presente al negar que en Puerto Rico exista la facultad de acusar y sentenciar por delito subsiguiente. Aún sin las Reglas la situación en este caso sería como hemos resuelto.

*Ramírez* v. *Jefe de Penitenciaría,* 88 D.P.R. 547 (1963), dijimos:

"La regla local es al efecto de que cuando el acusado admite la alegación de subsiguiente, tal hecho no debe someterse a la consideración del jurado, y que en tal caso, lo procedente es entregarles una copia de la acusación de la cual se haya eliminado toda alegación relativa al delito anterior. *Pueblo* v. *Beltrán,* 73 D.P.R. 509, 517 (1952) ; *Pueblo* v. *González,* 80 D.P.R. 208, 210 (1958). Si el hecho consta de un escrito, debe entregarse al jurado una copia en la cual no se le mencione; si se trata de manifestaciones orales, éstas deben prohibirse absolutamente. *Pueblo* v. *Colón,* 81 D.P.R. 331, 334, 336 (1959). Esto es así porque en un proceso criminal el acusado solamente puede ser juzgado por el delito imputado en la acusación y, por tanto, no es admisible prueba sobre otros delitos por él cometidos, excepto cuando el delito anterior (a) es un hecho pertinente para establecer la comisión del crimen por el cual se le juzga; (b) forma parte del *res gestae;* (e) puede demostrar motivo, intención, premeditación, malicia o un designio común; o (d) forma parte de la misma transacción, *Pueblo* v. *Archeval,* 74 D.P.R. 512, 515 (1953)."

Como puede verse, el segundo señalamiento carece de mérito. Está bien que adoptemos de California, o de cualquier otro lugar, aquellas disposiciones o instituciones jurídicas que nos sean convenientes, pues como ha escrito Ihering, la adopción de instituciones jurídicas extrañas, más bien que cuestión de nacionalidad lo es de necesidad, pero no hay derecho a exigir una copia servil y al pie de la letra de las piezas legislativas que adoptamos. No hay mérito alguno en el mimetismo *per se;* lo importante es la sustancia y ella ha quedado aquí debidamente salvaguardada.

■ Tercer error. Sostiene el apelante que la sentencia impuéstale es errónea porque el juez sentenciador "creyó" que era mandatoria la pena de reclusión perpetua. La sentencia dictada es una indeterminada con un mínimo de 10 años y un máximo de reclusión perpetua. Claramente lo que hace una sentencia errónea o correcta no es lo que el apelante o el fiscal crean que el juez creyó, sino que el problema es si la

874

sentencia está o no dentro de los límites de mínimo y máximo que la ley fija. La sentencia aquí dictada así lo está. *Pueblo v. Flores*, 77 D.P.R. 660 (1954). Dadas las circunstancias del caso el juez no abusó de su discreción y la sentencia es válida. No se cometió el error señalado.

*Se confirmará la sentencia apelada.*