Ismael Rodriguez GONZALEZ, Plaintiff,

v.

Gerardo DELGADO, Warden, Defendant.

Civ. No. 509–71.

United States District Court, D. Puerto Rico.

May 23, 1972.

---

Ismael Rodriguez Gonzalez, pro se.

Wallace González Oliver, Atty. Gen. of P. R., Ulpiano F. Crespo, Sp. Pros. Atty., Dept. of Justice, Old San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

Petitioner is presently confined at the State Penitentiary serving sentences imposed by the courts of the Commonwealth of Puerto Rico. He is known also as Miguel Trinidad Rodríguez, Miguel Rodríguez Hernández and Miguel Hernández Rodríguez, being his real name Miguel Trinidad Rodríguez, pursuant certification signed by Juan A. Michelena Soldevilla, Custodian of Records at the State Penitentiary.

The record shows that petitioner was convicted on many cases and at different times, with his earliest expectancy release date being that of April 1976.

At present, he is challenging the sentence imposed upon him by the Superior Court of the Commonwealth of Puerto Rico, Bayamón Part, in Criminal G–59–414.

Petitioner was arraigned together with other persons for the Crime of Burglary in the First Degree. Trial was held on June 14, 1960, after he waived his right to jury trial. He was found guilty and sentenced on June 17, 1960, to one (1) to four (4) years imprisonment with hard labor.

Petitioner then requested the issuance of a Writ of Habeas Corpus at the Superior Court, Bayamón Part, case number Civil 63–1523, alleging that the sentence imposed in case G–59–414 was null and void. Basically, he sustained that he had not had adequate assistance of counsel. A hearing was held on May 12, 1964. Superior Court Judge, Honorable Augusto Palmer, denied the petition in a judgment dated May 12, 1964, from which we quote the following part:

"This Court concludes, from the evidence submitted in the case, as well as from the judicial record of the aforesaid criminal case, that petitioner was represented at the trial and corresponding proceedings by Juan Mari Bras, Esq. Said Attorney was in charge at the time of the local Legal Aid Office and he represented all of the codefendants in the cases G–59–412, G–59–413, and in the hereinbefore mentioned case wherein petitioner appears as defendant. On one occasion he requested the stay of the case for lack of preparation. Though he does not remember in detail everything concerning his participation in these cases, which were jointly tried, he is certain that he examined the record, conferred with his clients, was granted a stay on certain occasion because he was not ready, and that never appeared in a case without being ready.

In the present case the defense counsel waived trial by jury and had the case heard by a court of law; this

is a circumstance that moves to infer a previous preparation of the case on the part of counsel, inasmuch as such step usually entails an analysis of all pertinent questions relating to the legal issue.

This Court considers that the elements of judgment available for the solution of the issue raised on this petition by petitioner do not warrant an affirmative conclusion for his contention that he was not duly represented at the trial that ended with the sentence now standing. On the contrary, the evidence accepted by this court leads toward a conclusion to the effect that an adequate and effective legal assistance was provided therein."

On September 4, 1968, petitioner pro-se filed another Petition for Writ of Habeas Corpus, numbered HC–68–26, in the Superior Court, Bayamón Part. It appears from the record that this petition was basically identical to Habeas Corpus No. 63–1523 to which we have referred. A hearing was held on December 23, 1968, on a motion to dismiss. The evidentiary hearing was held on December 27, 1968. At that hearing petitioner through his attorney, claimed that his attorney on the Burglary case in 1960 had not even interviewed him and that he had waived his right to trial by jury without his consent. The only evidence presented was his own testimony. It appears from the record that defendant presented documentary evidence consisting in the certified copy of the Sentence imposed on May 12, 1964 in the case number 63–1523 and the Transcript of the Record taken at the trial of the Criminal Cases Number G–59–412, G–59–413 and G–59–414, People of Puerto Rico v. Lions Richard, Juan Hernández Malta and Ismael Rodriguez González. The Court, Judge Agustin Mangual Hernández speaking for it, denied the motion on December 31, 1968. In denying the petition the Court said:

"A detailed examination of the above mentioned transcript [referring to the ones we have mentioned] convinces us that Petitioner herein had proper legal assistance in the case G–59–414 tried in this Court on June 14, 1960, for the offense of Burglary in the First Degree."

It should be noted that on two occasions petitioner was afforded a full hearing on Writs of Habeas Corpus on the same grounds and by two different judges, and that, after the hearings, both judges concluded that the defense counsel had not acted pro-forma but on the contrary, had acted adequately and effectively.

On January 20, 1969, petitioner pro-se, appealed to the Supreme Court of the Commonwealth of Puerto Rico the Order dated December 31, 1968, dismissing the Writ of Habeas Corpus, claiming that the lower court erred in not granting the requested Writ.

The Supreme Court then ordered the Legal Assistance Society to represent petitioner.

In a Judgment rendered on December 22, 1970, the Supreme Court stated as follows:

"This is an appeal from a judgment denying a second petition for habeas corpus filed by petitioner before the trial court. Appellant was convicted on June 17, 1960, of Burglary in First Degree and sentenced to serve a prison term of from one (1) to four (4) years in the penitentiary. The first petition for Habeas Corpus was denied by virtue of a judgment on May 12, 1964, when the Court found that appellant had proper legal assistance.

In the second petition for Habeas Corpus, filed in 1968, motu propio, which is the object of this appeal, appellant challenges anew the legality of the judgment rendered against him on the same grounds of the first petition. In this second proceeding, the state submitted in evidence the transcript of the case of Burglary in First Degree, G–59–114, and the judgment rendered on May 12, 1964, denying the first petition for Habeas Corpus. The only evidence presented by appellant was his own testimony. Appellant's contention is to the effect that this

waiver to trial by jury was not voluntary, since, as he said, his counsel did not confer with him, nor appellant authorized him to waive his right to trial by jury.

He is not right. It appears from the judgment denying the first petition, which was admitted in evidence without appellant's objection, that his counsel conferred with him, examined the record of the case, obtained a continuance on the ground of not being prepared for the trial and, subsequently, he tried the case. Moreover, his counsel waived the jury in his presence and appellant did not object. See Pueblo v. Cabán Rosas, 92 DPR 866, where we held that prior to approval of the Rule of Criminal Procedure of 1963,—the case at bar was tried on 1960—the attorney for the defense could waive trial by jury in the name of the defendant.

The judgment rendered by the trial court is hereby affirmed."

Petitioner then filed a Writ of Habeas Corpus in this Court questioning the validity of his conviction in the local courts. Basically he makes two claims: That his attorney waived his right to a Jury Trial without consulting him; and that he had acted pro-forma in his defense because he had never interviewed him.

■■ The right to trial by jury in felony cases is a right of constitutional stature in Puerto Rico. Section 11 art. 2 of the Constitution of the Commonwealth of Puerto Rico, provides in part:

"In all prosecutions for a felony the defendant should have the right of trial by an impartial jury composed of twelve residents of the district, who may render their verdict by a majority vote, which in no case may be less than nine."

To waive this right to trial by jury nowadays, it is necessary that the defendant

expressly and personally waives it.[1] But that was not the state of law in relation to the waiver of said right at the time petitioner's trial took place, for at said time, that is June 1960, a defense attorney in Puerto Rico could waive the right to trial by jury in the name of a defendant, his client. See People v. Figueroa, 77 P.R.R. 175 (1954); People v. Carmona Rodríguez, 90 P.R.R. 485 (1964); People v. Cabán Rosa, 92 P.R.R. 844 (1965). There is no constitutional infirmity in said procedure. The fundamental requirement is that the waiver be done voluntarily and intelligently. Nowhere in the record before this Court is there anything showing or suggesting the contrary.

In Criminal G–59–414, the petitioner herein freely approved the tactic which his attorney decided was the most appropriate and convenient, and now he cannot allege it as an error. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

■ In relation to petitioner's allegation that he received a pro-forma assistance of counsel, this Court, after a careful scrutiny of the evidence before it, is of the opinion that petitioner was adequately and constitutionally represented by a competent counsel. In Bottiglio v. United States, 431 F.2d 930 (1970), the United States Court of Appeals for the First Circuit, whose decisions we are bound to follow, has said that, " 'ineffective counsel' in the constitutional sense, means representation 'such as to make the trial a mockery, a sham, a farce.' "

Petitioner's allegation that he was never interviewed by his attorney for the preparation of his case is not sustained by the record before this Court.

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed and the relief is denied.

1. Rule 111 of the Rules of Criminal Procedure for the Commonwealth of Puerto Rico, approved on July 30, 1963, provides in the applicable part:

"Questions of fact in cases of felony, * * *, shall be tried by jury unless the defendant expressly and personally waives the right to trial by jury. The court shall grant the trial by jury at any time after the arraignment."