**Lu LAWRENCE, Plaintiff-Appellant,**

v.

**The GILLETTE COMPANY and Batten, Barton, Durstine & Osborn, Inc., Defendants-Appellees.**

No. 77–3230.

United States Court of Appeals, Ninth Circuit.

May 29, 1979.

Gilbert A. Thomas, Tustin, Cal., for plaintiff-appellant.

James H. Callahan, John Q. McQuillan and Kenyon & Kenyon, New York City; William Poms and Gary E. Lande, Los Angeles, Cal., for defendants-appellees.

Before MERRILL and TRASK, Circuit Judges, and EAST *, District Judge.

MERRILL, Circuit Judge.

Appellant is the owner of United States Patent No. 3,849,596 issued November 19, 1974 entitled "Method For Comparison Using Simultaneous Displays On A Visual Monitor." Simply stated it consists of a method of comparing subject A (previously recorded on videotape) and subject B (live) in simultaneous action by use of a split screen multiplex unit. It is asserted to be a combination patent using split screen equipment old in the art in such a way as to enable a comparison to be made with unique effectiveness. Appellant charges appellee with infringement.

The district court rendered summary judgment for appellee. It concluded that the patent was invalid: that it was anticipated, that any advance in the art was obvious and that the invention had been described in printed publications in this country more than a year prior to application for patent.

The record establishes that a federally funded project known as "Speech Through Vision" had since prior to 1968 engaged in procedures designed to assist students in overcoming defects in speech production by use of a split screen comparison of a student and a speech therapist reading aloud the same material. This procedure was described in several magazines and publications in 1968 and 1969. It was in part on the basis of this evidence that the district court concluded that the invention was anticipated and was the subject of prior publication.

Appellant protests that this misconstrues her claims. They are very narrow, she in-

---

* Hon. William G. East, Senior United States District Judge of the District of Oregon, sitting by designation.

sists. The Speech Through Vision split screen procedure utilizes a comparison of teacher and student. Appellant's claims on the other hand are limited to comparison of the same subject before and after the application of some modifying influence.

So narrowed we have trouble in regarding the invention as a method. It would seem rather to be putting an old split screen method of comparison to new usage. The only difference from prior split screen comparison is in the subjects being compared.

In any event, however, it is clear that the patented method does not attain the degree of novelty necessary to establish non-obviousness in the case of a combination.

We have here split screen equipment, old in the art, combined with a before-and-after comparison also old in the art. What, if anything, is new is that the old before-and-after representations, so familiar to the public both in still and moving pictures, are now presented simultaneously by resort to the split screen technology. "Where a combination patent combines old elements, there is a requirement that the patent produce an unusual or surprising result in order to be nonobvious." *Kamei-Autokomfort v. Eurasian Automotive Products*, 553 F.2d 603, 608 (9th Cir. 1977). The result here was not only to be expected; it was the only possible result.

JUDGMENT AFFIRMED.