EL PUEBLO DE PUERTO RICO, apelado, *v.* LUIS CAMACHO VEGA, acusado y apelante.

*Número:* CR-79-75        *Resuelto:* 30 de junio de 1981

*José A. Andreu García, Manuel E. Andreu García* y *Víctor E. Báez,* abogados del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante fue convicto por un jurado compuesto por once personas.[1] Sostiene que el veredicto rendido no es válido. Por su parte, el Procurador General mantiene que el acusado asintió a que el juicio se celebrara ante un jurado así constituido.

La Regla 111 de las de Procedimiento Criminal de 1963 dispone que —"[l]as cuestiones de hecho en casos de delito grave"— habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa y personalmente el derecho a juicio por jurado".

■ Si se le reconoce la facultad al acusado de renunciar a que el juicio se celebre ante un jurado compuesto por doce de sus vecinos, no vemos razón válida alguna por la cual no pueda asentir a que el caso se vea ante un jurado compuesto por once personas. Así lo reconoció el Tribunal Supremo de los Estados Unidos en *Patton* v. *United States*, 218 U.S. 276 (1930), cuando todavía imperaba la doctrina de que el jurado establecido por la Constitución de los Estados Unidos requería que participaran doce personas.[2] El Tribunal resolvió a pesar de reconocer este requisito, que como la institución del jurado no era parte integrante del funcionamiento del Tribunal y sí un derecho del acusado, podía, como cualquier otro derecho, ser renunciado.[3] A ese efecto expresaron que: ". . . es preciso que rechacemos *in límine* la diferencia que se pretende hacer entre el efecto de una renuncia total a un jurado y el consentimiento a ser juzgado por menos de doce personas, y tenemos que considerar ambas formas de renuncia como que, en substancia, llevan a lo mismo." *Patton*, a la pág. 290. De suerte que el hecho de que en la Consti-

---

[1] Debido a las circunstancias que concurrieron en el caso de autos se habían agotado los jurados suplentes.

[2] Es en *Williams* v. *Florida*, 399 U.S. 78 (1970), donde se establece la norma de que el jurado no tiene necesariamente que constar de doce personas.

[3] La Regla 23(b) de las de Procedimiento Criminal federal codificó lo establecido en *Patton* v. *United States*, supra.

tución de Puerto Rico se consignara que el jurado se compondría de doce personas, no es óbice para que un acusado acepte ver su caso ante un jurado compuesto por once personas. Ver además, *State* v. *Pendley*, 593 P.2d 755 (1979); *Taylor* v. *State*, 612 P.2d 851 (1980); Anotaciones 70 A.L.R. 279 (1931); 105 A.L.R. 1114 (1936).

■ Ahora bien, al igual que la renuncia al jurado requiere que "se haga inteligentemente, o con conciencia de lo que la renuncia implica en sus consecuencias", *Pueblo* v. *Juarbe de la Rosa*, 95 D.P.R. 753, 756 (1968), y que como establece la Regla 111 debe ser "expresa y personalmente", el asentimiento del acusado a que el juicio se celebre ante un jurado compuesto por once personas requiere que se haga personalmente y consciente de las consecuencias de su decisión. Así lo estableció el Supremo federal al consignar en *Patton* a la pág. 312:

> . . . antes de que sea efectiva cualquier renuncia, se hace necesario obtener el consentimiento del fiscal y la aprobación del tribunal, además del consentimiento expreso e inteligente del acusado. Y, a este respecto, la obligación del tribunal de instancia no se debe descargar como simple cuestión de rutina, sino con sana y deliberada prudencia, atentos para evitar desviaciones irrazonables o indebidas de ese tipo de juicio o de cualquiera de sus elementos esenciales, y poniendo más cautela, cuanto mayor sea el delito de que se trate.

Ver además: *Pueblo* v. *De Jesús Cordero*, 101 D.P.R. 492 (1973); *Pueblo* v. *Cabán Rosa*, 92 D.P.R. 866 (1965); *Pueblo* v. *Díaz Martínez*, 87 D.P.R. 691, 696 (1963); *United States* v. *Reyes*, 603 F.2d 68 (9th Cir. 1979); *People* v. *Ames*, 124 Cal. Rptr. 894 (5th Cir. 1975); *United States* v. *Spiegel* 604 F.2d 961 (5th Cir. 1979).

En el presente caso el fiscal, luego de un intercambio con los abogados de la defensa, mediante el cual estipularon que el caso se viera ante un jurado compuesto de once personas, dirigiéndose al tribunal expresó:

FISCAL PADILLA: . . . Este V.H. nosotros además de empezar por la estipulación vamos a solicitar también además de que se haga para récord la anuencia del señor imputado de que los procedimientos continúen con 11 jurados.

JUEZ VIERA: Sí, ya está en récord, todo se ha grabado, pero se consigna específicamente que por deseo expreso de las partes, el Ministerio Fiscal y la defensa, este juicio se va a continuar con 11 jurados, lo que es permisible únicamente por estipulación. Entonces vamos a continuar con la prueba del Fiscal. (E.N.P., pág. 37.)

█ Es claro que no se cumplió con el requisito establecido para que sea aceptable ante la ley la anuencia a que el juicio se celebrare ante un jurado compuesto por once personas. El fiscal y el abogado defensor estipularon que el caso se viera ante el jurado así constituido; pero el tribunal no le explicó al acusado las consecuencias de su decisión, ni comprobó siquiera si la aceptación que el acusado le comunicó a su abogado fue hecha inteligentemente luego de ponderar todas las consecuencias, inclusive la de comenzar el juicio de nuevo, según lo dispone la Regla 144 de las de Procedimiento Criminal. (4)

*Se revocará la sentencia y se ordenará la celebración de un nuevo juicio.*

El Juez Asociado Señor Rigau disintió.

---

(4) Dispone así la Regla 144 en su inciso *a*:

"El tribunal podrá ordenar la disolución del jurado antes del veredicto en los siguientes casos:

"(a) Si antes de retirarse el jurado a deliberar, se hiciere imposible la continuación del proceso a consecuencia de la enfermedad o muerte de uno de los miembros del jurado, a menos que el tribunal resolviere tomarle juramento a otro miembro del jurado en sustitución del primero y empezar el juicio de nuevo."